IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,018-01






EX PARTE CAMERON WADE MUZNY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-04-71 IN THE 25TH DISTRICT COURT


FROM COLORADO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance in drug free zone and sentenced to five (5) years' imprisonment. He did not
appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel promised him that he
would receive shock probation if he pleaded guilty, and moved for shock probation, when applicant
was not eligible for shock probation. Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex.
Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d), including ordering an affidavit from counsel, to resolve this issue. In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to applicant's
claim that his plea was involuntary. Specifically, the court shall determine whether counsel
promised applicant that he would receive shock probation if he pleaded guilty; whether counsel
moved for shock probation; and whether applicant was eligible for shock probation. If the court
finds that counsel did make a promise to applicant, the court shall then determine whether that
promise rendered the guilty plea involuntary. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: August 9, 2006

Do not publish